**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:96cr21**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **RAYMOND JEROME FRANCIS.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion of Complaint against Former U. S. and Assistant United States Attorneys in the Western District of North Carolina, Asheville Division, and Request for Appropriate Relief [Doc. 171].

The Defendant has been a prolific filer in this and other matters. See, *e.g.*, Docs. 101, 103, 106, 107, 118, 122, 139, 141, 143, 154, 156, 169; United States v. Barber, 173 F.3d 425 (4th Cir. 1999), *certiorari denied* 527 U.S. 1030, 119 S.Ct. 2384, 144 L.Ed. 786 (1999); Ramsey v. United States, Civil Case No. 1:97cr50; Francis, *et. al.* v. Scott, 1:98cv146; Francis v. United States, Civil Case No. 1:00cv141, *reversed* 29 Fed.Appx. 128 (4th Cir. 2002), *certiorari denied* 536 U.S. 949, 122 S.Ct. 2641, 153 L.Ed.2d 821 (2002); In re

Francis, 5 Fed.Appx. 166 (4th Cir. 2001); United States v. Francis, 40 Fed.Appx. 855 (4th Cir. 2002); United States v. Francis, 62 Fed.Appx. 507 (4th Cir. 2003); Francis v. Brooks, 2004 WL 3188081 (E.D.Va. 2004), *affirmed* 88 Fed.Appx. 638 (4th Cir. 2004); Francis v. Brooks, 117 Fed.Appx. 890 (4th Cir. 2004); United States v. Francis, 152 Fed.Appx. 301 (4th Cir. 2005); In re Francis, 208 Fed.Appx. 278 (4th Cir. 2006).

On July 23, 2009, the Defendant received the benefit of the Crack Cocaine Guideline Amendment, Amendment 706 to the United States Sentencing Guidelines. [Doc. 168]. He promptly moved for additional relief [Doc. 169], a motion which was denied. [Doc. 170]. He now has moved for relief pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. He also makes incoherent arguments of fraud during the prosecution of his case because the 1996 indictment against him failed to charge him with a specific quantity of cocaine base.[1] At the time of the Defendant's indictment, the United States Attorney was not obligated to include specific drug quantities in the bill of indictment. No such obligation arose until the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

---

[1] To the extent other claims may be asserted, they are difficult to discern and appear to reflect a misreading by the Defendant of the statute that forms the basis for the counts of conviction.

Rule 48(a) provides that the Government may dismiss an indictment with leave of court.  However, the Government has not made such a motion and the Court may not force it to do so.  See, *e.g.,* United States v. Smith, 55 F.3d 157, 158 (4th Cir. 1995), *quoting* Newman v. United States, 382 F.2d 479, 480 (D.C.Cir. 1967) ("Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to ... dismiss a proceeding once brought.").

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion of Complaint against Former U. S. and Assistant United States Attorneys in the Western District of North Carolina, Asheville Division, and Request for Appropriate Relief [Doc. 171] is hereby **DENIED**.

Signed: December 10, 2009

Martin Reidinger
United States District Judge