# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00327-MR
# (CRIMINAL CASE NO. 1:96-cr-00021-MR-1)

RAMOND R. RAMSEY, )
also known as RAYMOND RUDONE )
RAMSEY and RAYMOND JEROME )
FRANCIS, )
                              )
             Petitioner, )
                            )
      vs. ) **O R D E R**
                            )
LORETTA LYNCH, United States )
Attorney General, et al., )
                            )
           Respondents. )
_____ )

**THIS MATTER** is before the Court on consideration of Petitioner's filing entitled "Jurisdiction of the Court." [Doc. 1]. For the reasons that follow, the Court concludes that Petitioner's filing constitutes an unauthorized, successive § 2255 motion to vacate and therefore must be dismissed pursuant to 28 U.S.C. § 2255(h).

## BACKGROUND

On January 8, 1997, Petitioner was convicted in this Court following a jury trial of conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; distribution of

cocaine base, and aiding and abetting the same in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). [Criminal Case No. 1:96-cr-00021-MR-1 ("CR"), Doc. 67: Jury Verdict]. Petitioner was sentenced in this Court under the name "Raymond Jerome Francis, a/k/a Raymond Rudone Ramsey."

Petitioner was sentenced by the Honorable Lacy H. Thornburg to a total term of 384 months' imprisonment followed by five years of supervised release. [CR Doc. 95: Judgment]. Petitioner's convictions and sentence were affirmed on appeal. See United States v. Barber, Nos. 9704983, 97-4988, 1999 WL 95539 (4th Cir. Feb. 17, 1999), cert. denied, 527 U.S. 1030 (1999).[1]

On June 23, 2000, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 challenging his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000). [CR Doc. 106]. Petitioner also asserted claims that the indictment was defective and that he received ineffective assistance of counsel. [Id.]. On November 17, 2000, the Court granted Petitioner's motion with respect to his Apprendi claim and reduced Petitioner's sentence to a

---

[1] Petitioner's appeal was consolidated with the appeal of his co-defendant, Donald Barber.

term of imprisonment of 240 months followed by three years of supervised release. The Court denied Petitioner's remaining claims. [CR Doc. 108]. On appeal, the Fourth Circuit reversed the Court on the Apprendi issue and directed the Court to reinstate Petitioner's original sentence. United States v. Francis, 29 F. App'x 128 (4th Cir.), cert. denied, 536 U.S. 949 (2002). In all other respects, the Court's order was affirmed.

Since the denial of his § 2255 motion, Petitioner has been a prolific filer in both his criminal case as well as in numerous civil actions. [See Civil Case No. 1:11-cv-00004-MR, Doc. 3: Order at 3 (summarizing filing history)]. The pleading presently before the Court was initially filed in the United States District Court for the Middle District of Georgia, Valdosta Division, which is the district in which Petitioner is confined. Petitioner filed the pleading under the name "Ramond R. Ramsey." In the Order transferring the case, the Georgia District Court noted that Petitioner has two aliases: "Raymond Rudone Ramsey" and "Raymond Jerome Francis." The Court further noted that it was unclear from the pleading whether Petitioner was attempting to file a motion to vacate pursuant to 28 U.S.C. § 2255 or some other civil action or writ. The Georgia District Court reasoned, however, that to the extent that Petitioner sought to challenge his convictions pursuant to § 2255, such a

claim must be pursued in this Court as the court of conviction and therefore transferred the action to this Court. [Doc. 3].

**DISCUSSION**

In his motion, Petitioner contends that his conviction and sentence are unconstitutional because the indictment was fatally defective, and he declares that this fact was admitted by the U.S. Attorney and the trial judge. [Doc. 1 at 2, 21, 27]. Petitioner therefore seeks the dismissal of the indictment against him, and thus presumably, the vacatur of his conviction and sentence. [Id. at 33]. Although Petitioner does not label his motion as a § 2255 motion to vacate, it is plain from the substance of his motion that the relief he is seeking is properly considered under the provisions of § 2255. United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (It is well-settled that district courts are bound to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions.") (internal citation omitted). Accordingly, the Court must treat his motion as a successive motion brought pursuant to § 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); Winestock, 340 F.3d at 206-07.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, provides that a "prisoner in custody under

4

sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA, however, provides a specific limitation on a prisoner's ability to bring a second or successive motion under § 2255. Specifically, the AEDPA provides, in pertinent part, as follows:

> A second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has not provided any evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. Therefore, this Court is without jurisdiction to consider the merits of the present § 2255 motion and it will be dismissed.

## CONCLUSION

For the reasons stated herein, the Court dismisses the motion to vacate as successive.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's filing entitled "Jurisdiction of the Court" [Doc. 1] is **DISMISSED** as an unauthorized, successive motion to vacate pursuant to 28 U.S.C. § 2255.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: November 23, 2016

Martin Reidinger
United States District Judge